UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **CENTER FOR BIOLOGICAL DIVERSITY**,<br>378 N. Main Street,<br>Tucson, AZ 85701<br><br>       *Plaintiff,*<br>v.<br><br>**DAVID BERNHARDT**, in his official capacity as Secretary of the U.S. Department of Interior,<br>1849 C Street NW<br>Washington, DC 20240, and<br><br>**U.S. FISH AND WILDLIFE SERVICE**<br>1849 C Street N.W.<br>Washington, D.C. 20240<br><br>       *Defendants.* | Case No.: 1:20-cv-2714<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

**INTRODUCTION**

1.  The Center for Biological Diversity (Center) brings this case challenging the U.S. Fish and Wildlife Service's (FWS) failure to determine whether eight species of Caribbean skink (collectively, Skinks) warrant protection as endangered or threatened, in violation of the Endangered Species Act's nondiscretionary, congressionally mandated deadlines. 16 U.S.C. § 1533(b)(3). This failure delays crucial, lifesaving protections for these rare lizards that now suffer an even greater risk of extinction because of FWS's delay.

2.  The Skinks are endemic to a few islands in the Caribbean Sea and found nowhere else on earth. Yet they are in steep decline from threats including habitat destruction and degradation, human-introduced predators, climate change, and accelerating sea level rise.

3. Because of these substantial threats, on February 11, 2014, the Center submitted a petition asking FWS to list the Skinks as endangered or threatened. In response to the petition, FWS determined there was substantial scientific or commercial information indicating that listing the Skinks may be warranted. Endangered and Threatened Wildlife and Plants; 90-Day Findings on 17 Petitions, 81 Fed. Reg. 1,368 (Jan. 12, 2016); Endangered and Threatened Wildlife and Plants; 90-Day Findings on 10 Petitions, 81 Fed. Reg. 63,160 (Sept. 14, 2016).

4. These findings trigger a deadline for FWS to determine if listing the species is "warranted" within 12 months of receiving the Center's petition on February 11, 2014. 16 U.S.C. § 1533(b)(3)(B).

5. FWS has failed to make the requisite final determination for the Skinks, violating the statutory deadline and withholding the Endangered Species Act's lifesaving protections from species that are hanging on the brink of extinction.

6. The Center brings this action for declaratory relief to affirm that FWS is in violation of the Endangered Species Act for failing to make a timely 12-month finding and to compel FWS to issue its final determination on whether to list each of the Skinks as endangered or threatened so they may receive the protections they need to survive and recover in the wild.

## JURISDICTION AND VENUE

7. The Center brings this action under the Endangered Species Act, 16 U.S.C. §§ 1533, 1540(g).

8. The Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1346 (United States as a defendant), 16 U.S.C. § 1540(c) (actions arising under the Endangered Species Act), and 16 U.S.C. § 1540(g) (citizen suit provision of the Endangered Species Act).

9. The relief sought is authorized under 28 U.S.C. § 2201 (declaratory relief), 28 U.S.C. § 2202 (injunctive relief), and 16 U.S.C. § 1540(g) (Endangered Species Act citizen suits).

10. The Center notified Defendants of its intent to file suit under the Endangered Species Act on March 10, 2020, more than 60 days prior to filing this complaint, consistent with the Endangered Species Act's notice requirement. 16 U.S.C. § 1540(g)(2). Because Defendants have not remedied the legal violations outlined in the notice, an actual, justiciable controversy exists between the parties within the meaning of the Declaratory Judgment Act. 28 U.S.C. § 2201.

11. Venue in this Court is proper according to 28 U.S.C. § 1391(e) and 16 U.S.C. § 1540(g)(3)(A) because Defendants reside in this judicial district and a substantial part of the violations giving rise to the claim occurred in this district. FWS's headquarters in the District of Columbia had the principal role of approving and publishing the 90-day findings for the Skinks and has the ultimate responsibility to make the 12-month findings for the Skinks.

## PARTIES

12. Plaintiff Center for Biological Diversity is a national, nonprofit conservation organization that works through science, law, and policy to protect imperiled species and their habitats. The Center has more than 81,000 active members across the country. It is incorporated in California and headquartered in Tucson, Arizona, with offices throughout the United States, including Alaska, Arizona, California, Colorado, Florida, Hawaii, Idaho, Minnesota, Nevada, New York, North Carolina, Oregon, Washington, and Washington, D.C., and in Mexico. The Center brings this action on behalf of itself and its members.

13. Center members are concerned with the conservation of imperiled species like the Skinks and have an interest in the effective implementation of the Endangered Species Act to protect these species. They use and enjoy areas vital to the survival of these species for scientific study, observation of the species, nature photography, aesthetic enjoyment, recreation, and spiritual fulfillment. Center members derive recreational, scientific, aesthetic, spiritual, and educational benefit from the continued existence of the Skinks and their habitat. Center members have concrete plans to continue to travel to and recreate in areas where they can observe these species and will maintain an interest in the species in the future.

14. In addition to submitting a petition to list the Skinks under the Endangered Species Act, the Center and its members have participated in conservation efforts that affect these species. For example, the Center has campaigns to curb the mass extinction of reptiles and amphibians and protect wildlife and plants from climate change. These campaigns seek to help the Skinks.

15. Because of these well-established interests in conservation of the Skinks, FWS's failure to timely determine whether the Skinks warrant listing as endangered or threatened injures the Center and its members. The Center and its members will continue to suffer these actual, concrete injuries unless this Court grants relief and issues an order compelling listing decisions for these species. The Center and its members have no other adequate remedy at law.

16. Defendant David Bernhardt is the Secretary of the Interior. As Secretary of the Interior, he has the ultimate responsibility to administer and implement the Endangered Species Act, and to comply with all other federal laws applicable to the U.S. Department of the Interior. Plaintiff sues Defendant Bernhardt in his official capacity.

17. Defendant U.S. Fish and Wildlife Service is a federal agency within the Department of the Interior. The Secretary of the Interior has delegated his authority to administer the Endangered Species Act to FWS for non-marine wildlife. 50 C.F.R. § 402.01(b). This authority encompasses proposed and final listing decisions for the Skinks.

18. The citizen suit provision of the Endangered Species Act, 16 U.S.C. § 1540(g), authorizes this lawsuit and thus waives sovereign immunity of Defendants David Bernhardt, in his official capacity as Secretary of the Interior, and the U.S. Fish and Wildlife Service.

## STATUTORY AND REGULATORY FRAMEWORK

19. The Endangered Species Act "represent[s] the most comprehensive legislation for the preservation of endangered species ever enacted by any nation." *Tenn. Valley Auth. v. Hill*, 437 U.S. 153, 180 (1978). Indeed, "Congress intended endangered species be afforded the highest of priorities." *Id.* at 174. To that end, the Act's purpose is to "provide a program for the conservation of . . . endangered species and threatened species" and "to provide a means whereby the ecosystems upon which endangered . . . and threatened species depend may be conserved." 16 U.S.C. § 1531(b).

20. Before an imperiled animal can receive the Endangered Species Act's protections, Section 4 of the Act directs FWS to classify it into a list of "endangered" or "threatened" species, a process known as "listing." *Id.* § 1533(a). A "species" includes "any subspecies of fish or wildlife or plants, and any distinct population segment of any species of vertebrate fish or wildlife which interbreeds when mature." *Id.* § 1532(16). An endangered species is any species that "is in danger of extinction throughout all or a significant portion of its range," *id.* § 1532(6), and a threatened species is any species that "is likely to become an endangered species within the foreseeable future throughout all or a significant portion of its range," *id.* § 1532(20).

21. FWS must list a species if it is endangered or threatened because of any one or a combination of five factors:

> (A) the present or threatened destruction, modification, or curtailment of its habitat or range;
>
> (B) overutilization for commercial, recreational, scientific, or educational purposes;
>
> (C) disease or predation;
>
> (D) the inadequacy of existing regulatory mechanisms; or
>
> (E) other natural or manmade factors affecting its continued existence.

*Id.* § 1533(a)(1).

22. The Endangered Species Act's protective measures apply to species only after FWS lists them as threatened or endangered. For instance, Section 4 of the Act requires FWS to designate habitat essential to the conservation of a species as "critical habitat" at the same time it lists the species. *Id.* §§ 1533(a)(3)(A), 1532(5)(A). FWS must also develop a comprehensive recovery plan with site-specific management actions and objectives to guide its conservation efforts. *Id.* § 1533(f). Section 7 of the Act requires all federal agencies to ensure their actions do not "jeopardize the continued existence" of any listed species or "result in the destruction or adverse modification" of habitat that is essential to a listed species' conservation. *Id.* § 1536(a)(2). Section 9 of the Act prohibits unauthorized trade and "taking" of endangered wildlife, which includes harming, harassing, or killing. *Id.* §§ 1538(a)(1)(B); 1533(19). The Act also authorizes FWS to acquire land for the protection of listed species and make federal funding available to assist states in their efforts to preserve and protect listed species. *Id.* §§ 1534(a)(2), 1535(d).

23. To ensure species at risk of extinction receive these protections in a timely manner, Congress set forth a detailed process so citizens may petition FWS to list a species as endangered or threatened. The process includes mandatory, non-discretionary deadlines FWS must meet for three required findings: the 90-day finding, the 12-month finding, and the final listing determination. *Id.* § 1533(b)(3)–(6).

24. Upon receiving a listing petition, FWS must "to the maximum extent practicable, within 90 days after receiving [a] petition," make an initial finding of whether the petition "presents substantial scientific or commercial information indicating the petitioned action may be warranted." *Id.* § 1533(b)(3)(A).

25. If FWS finds the petition does not present substantial information indicating a species' listing may be warranted, it rejects the petition. *Id.*

26. If FWS finds the petition does present substantial information indicating that listing may be warranted, it must conduct a full scientific review of the species' status. *Id.*

27. Within 12 months from the date it receives the petition, FWS must make one of three findings: (1) listing is not warranted; (2) listing is warranted; or (3) listing is "warranted but precluded" by other pending proposals for listing species, providing certain requirements are met. *Id.* § 1533(b)(3)(B)

28. If FWS's 12-month finding is that listing is warranted, the agency must publish notice of the proposed regulation to list the species as endangered or threatened in the Federal Register for public comment. *Id.* § 1533(b)(3)(B)(ii).

29. Within one year of publishing the proposed regulation, FWS must render its final determination on the proposal, either finalizing the proposed listing rule, withdrawing the

proposed listing rule, or if there is substantial disagreement about scientific data, delaying a final determination for up to six months to solicit more information. *Id.* § 1533(b)(6)(A)–(B).

30. The Endangered Species Act does not safeguard species at risk of extinction until FWS lists them as endangered or threatened. Accordingly, it is critical that FWS meticulously follow the Act's listing procedures and deadlines to ensure species are listed in a timely manner.

## FACTS GIVING RISE TO PLAINTIFF'S CLAIMS FOR RELIEF

### Caribbean Skinks

31. The Caribbean is a major biodiversity hotspot—rich in species found nowhere else on earth. Among these are an astonishing diversity of smooth, shiny lizards with pointy snouts called skinks, many of which have been formally identified only recently.

32. Indeed, the eight Skinks at issue in this case were once considered one species, the slipperyback skink, until biologists identified and described them in 2012. The eight Skink species are listed in the table below:

| Common Name | Scientific Name |
| --- | --- |
| Culebra skink | *Spondylurus culebrae* |
| Mona skink | *Spondylurus monae* |
| Puerto Rican skink | *Spondylurus nitidus* |
| Greater Virgin Islands skink | *Spondylurus spilonotus* |
| Lesser Virgin Islands skink | *Spondylurus semitaeniatus* |
| Virgin Islands bronze skink | *Spondylurus sloanii* |
| Greater Saint Croix skink | *Spondylurus magnacruzae* |
| Lesser Saint Croix skink | *Capitellum parvicruzae* |

33. Each of the eight Skink species are characterized by subtle differences in appearance and geographic range.

34. The Culebra skink varies in color among shades of brown, gray, bluish-green, and green, with dark and light lateral stripes down its sides. It is found on Culebra Island, east of Puerto Rico.

35. The Puerto Rican skink is coppery brown with a dark lateral stripe down each side. It is found on Puerto Rico and some of its satellite islands.

36. The Mona skink is paler in color than the Puerto Rican skink with cream-colored lateral lines down its sides and triangular-shaped dark spots on its back. It is found on Mona Island, west of Puerto Rico.

37. The greater Saint Croix skink is the largest species in its genus. It has a light brown back with a dark brown and white lateral stripe down each of its sides. It is found on Saint Croix and its satellite island Green Cay in the U.S. Virgin Islands.

38. The greater Virgin Islands skink is light brown with narrow, dark, lateral stripes that appear more faded with irregular edges. It is found in Saint John and Saint Thomas in the U.S. Virgin Islands, and possibly in the British Virgin Islands.

39. The lesser Saint Croix skink is the only member of its genus in the northern Caribbean. It has small hands and feet, a short head, and no dark lateral stripes, which distinguish it from other skinks in the region. It is found on Saint Croix in the U.S. Virgin Islands.

40. The lesser Virgin Islands skink is bronze in color, with thick, dark lateral stripes on each of its sides that fade into a light, sandy colored tail. It is found on Saint Thomas and two islets, Capella and Buck, in the U.S. Virgin Islands, as well as in the British Virgin Islands.

41. The Virgin Islands bronze skink looks similar to the lesser Virgin Islands skink, but its stripes are shorter and taper off more quickly. The Virgin Islands bronze skink is found on

Saint Thomas and several of its islets, and possibly Saint John, in the U.S. Virgin Islands, and the British Virgin Islands.

42.     The International Union for the Conservation of Nature (IUCN) Red List categorizes all of the Skinks as critically endangered, except for the Puerto Rican skink, which is considered endangered.

43.     The Skinks are imperiled because of individual and synergistic threats from habitat loss, predation, climate change, sea level rise, and inadequate laws to protect them from these threats.

44.     Habitat loss and degradation threaten all of the Skinks, including the species on smaller islands. Development, agriculture, and timbering activities are destroying the Skinks' coastal and interior habitats while the introduction of exotic, invasive plants causes wide-scale degradation. If this destruction and degradation continues, the Skinks are likely to disappear from some areas or become completely extinct in the coming decades.

45.     Introduced predators like black rats, mongooses, and cats also significantly threaten all eight Skinks. These human-introduced predators have become established across the Caribbean and can eliminate Skinks from entire islands.

46.     Climate change, and the sea level rise and extreme weather events it causes, currently threaten the Skinks and will continue to threaten them exponentially as temperatures and sea levels rise. As ectothermic (cold-blooded) creatures, the Skinks are highly vulnerable to changes in temperature and precipitation associated with climate change. Rising seas and extreme weather events caused by climate change are likely to destroy habitat and kill individual Skinks. As climate change causes conditions to change, the Skinks are unable to migrate away from their isolated island habitats to escape these threats.

47. The Skinks are even more vulnerable to these threats because their populations are isolated within a small geographic area, which raises the risks of extinction from a major stochastic event. For example, a direct hit by a hurricane to the remaining habitat for any one of the Skink species could lead to swift extinction for that species.

48. Continuing declines in all eight Skink species demonstrate that existing laws are inadequate to protect the Skinks from extinction caused by the individual and combined effects of habitat loss and degradation, introduced predators, climate change, and sea level rise.

The Center's Petition to List the Skinks

49. Due to its interest in conserving the Skinks from these significant threats, on February 11, 2014, the Center submitted a petition to FWS to list the Skinks as threatened or endangered under the Endangered Species Act. The petition comprehensively substantiated the threats to the Skinks using scientific information about habitat destruction, predation by nonnative mammals, climate change and sea level rise, pollution, and the Skinks' small, isolated populations. The petition also explained that current regulatory mechanisms were inadequate to curtail the growing threats to the species.

50. Nearly two years later in January 2016, FWS published a 90-day finding that the Center's petition presented substantial scientific or commercial information indicating that listing may be warranted for seven of the skink species—the Culebra skink, Mona skink, Puerto Rican Skink, Virgin Islands bronze skink, greater Saint Croix skink, greater Virgin Islands skink, and the lesser Saint Croix skink. 81 Fed. Reg. 1,368 (Jan. 12, 2016).

51. In September 2016, FWS published a 90-day finding that the Center's petition presented substantial scientific of commercial information indicating that listing the lesser Virgin Islands skink may be warranted. 81 Fed. Reg. 63,160 (Sept. 14, 2016).

52. FWS was required to make a 12-month finding determining whether listing the Skinks is warranted, but it still has not made this mandatory finding, in violation of the Endangered Species Act. 16 U.S.C. § 1533(b)(3)(B).

## PLAINTIFF'S CLAIM FOR RELIEF

53. The Center re-alleges and incorporates by reference all the allegations set forth in this Complaint as though fully set forth below.

54. FWS's failure to make timely 12-month findings on the Center's petition to list the Culebra skink, greater Saint Croix skink, greater Virgin Islands skink, lesser Saint Croix skink, lesser Virgin Islands skink, Mona skink, Puerto Rican skink, and Virgin Islands bronze skink as endangered or threatened species violates the Endangered Species Act, 16 U.S.C. § 1533(b)(3)(B).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter a Judgment for Plaintiff providing the following relief:

(1) Declare that Defendants violated the Endangered Species Act by failing to issue timely 12-month findings determining whether listing the Skinks as endangered or threatened is warranted;

(2) Order Defendants to issue, by date certain, findings regarding whether listing the Skinks as endangered or threatened is warranted;

(3) Grant Plaintiff its attorneys' fees and costs in this action, as provided by the Endangered Species Act, 16 U.S.C. § 1540(g)(4); and

(4) Provide such other relief as the Court deems just and proper.

DATED: September 23, 2020						Respectfully submitted,


						*/s/ Elise Pautler Bennett*_____
						Elise Pautler Bennett
						D.C. Bar No. FL0018
						Center for Biological Diversity
						P.O. Box 2155
						St. Petersburg, FL 33731
						Tel: (727) 755-6950
						Fax: (520) 623-9797
						ebennett@biologicaldiversity.org

						*/s/ Collette L. Adkins*_____
						Collette L. Adkins
						MN Bar. No 035059X
						(seeking admission pro hac vice)
						Center for Biological Diversity
						P.O. Box 595
						Circle Pines, MN 55014-0595
						Tel: (651) 955-3821
						cadkins@biologicaldiversity.org


						*Counsel for Plaintiff Center for Biological Diversity*