JEAN E. WILLIAMS, Acting Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division
SETH M. BARSKY, Section Chief
MEREDITH L. FLAX, Assistant Section Chief
KAMELA A. CASCHETTE, Trial Attorney
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 305-0340
Email: kamela.caschette@usdoj.gov

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DEBRA HAALAND, in her official ) <br> capacity as Secretary of the U.S. Department ) <br> of the Interior, and U.S. FISH AND ) <br> WILDLIFE SERVICE, ) <br> ) <br> Defendants. ) <br> ) | Case No. 1:20-cv-02714-TSC |

**STIPULATED SETTLEMENT AGREEMENT**

This Stipulated Settlement Agreement ("Agreement") is entered into by and between plaintiff Center for Biological Diversity ("Plaintiff") and defendants Debra Haaland, in her official capacity as Secretary of the U.S. Department of the Interior, and the U.S. Fish and Wildlife Service ("Service") (collectively, "the parties"). In support of this Agreement, the parties state as follows:

WHEREAS, on February 11, 2014, Plaintiff petitioned the Service to list the following species as threatened or endangered under the Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531, *et seq.*: Culebra skink (*Spondylurus culebrae*), Mona skink (*Spondylurus monae*), Puerto Rican skink (*Spondylurus nitidus*), Greater Virgin Islands skink (*Spondylurus spilonotus*), Lesser Virgin Islands skink (*Spondylurus semitaeniatus*), Virgin Islands bronze skink (*Spondylurus sloanii*), Greater Saint Croix skink (*Spondylurus magnacruzae*), and Lesser Saint Croix skink (*Capitellum parvicruzae*) (collectively, "Skinks");

WHEREAS, on January 12, 2016, the Service issued a 90-day finding on Plaintiff's petition regarding seven of the Skinks—the Culebra skink, Mona skink, Puerto Rican skink, Virgin Islands bronze skink, Greater Saint Croix skink, Greater Virgin Islands skink, and the Lesser Saint Croix skink—pursuant to 16 U.S.C. § 1533(b)(3)(A), concluding that Plaintiff's petition presented substantial scientific or commercial information indicating that listing those seven skinks under the ESA may be warranted, 81 Fed. Reg. 1,368 (Jan. 12, 2016);

WHEREAS, on September 14, 2016, the Service issued a 90-day finding on Plaintiff's petition regarding the Lesser Virgin Islands skink pursuant to 16 U.S.C. § 1533(b)(3)(A), concluding that Plaintiff's petition presented substantial scientific or commercial information indicating that listing the Lesser Virgin Islands skink under the ESA may be warranted, 81 Fed. Reg. 63,160 (Sept. 14, 2016);

WHEREAS, on March 10, 2020, Plaintiff sent Defendants a letter stating its intent to file suit to compel the Service to issue 12-month findings pursuant to 16 U.S.C. § 1533(b)(3)(B) as to whether listing the Skinks under the ESA is warranted, not warranted, or warranted but precluded;

WHEREAS, on September 23, 2020, Plaintiff filed the above-captioned action to compel the Service to issue 12-month findings as to whether the listing of the Skinks is warranted, not warranted, or warranted but precluded;

WHEREAS, the parties, through their authorized representatives, and without any final adjudication of the issues of fact or law with respect to Plaintiff's claims, have negotiated a settlement that they consider to be a just, fair, adequate, and equitable resolution of the disputes set forth in Plaintiff's complaint;

WHEREAS, the parties agree that settlement of this action in this manner is in the public interest and is an appropriate way to resolve Plaintiff's complaint;

NOW, THEREFORE, the parties hereby stipulate and agree as follows:

1. No later than December 12, 2024, the Service shall complete its review of the status of the Skinks and submit to the Office of the Federal Register for publication 12-month findings for the Skinks pursuant to 16 U.S.C. § 1533(b)(3)(B);

2. The Order entering this Agreement may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the parties filed with and approved by the Court, or upon written motion filed by one of the parties and granted by the Court. In the event that either party seeks to modify the terms of this Agreement, including the deadline specified in Paragraph 1, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the party seeking the modification, raising the dispute, or seeking enforcement shall provide the other party with notice of the claim or modification. The parties agree that they will meet and confer (either telephonically or in person) at the earliest possible time in a good-faith effort to resolve the claim

before seeking relief from the Court. If the parties are unable to resolve the claim themselves, either party may seek relief from the Court.

3. In the event that Defendants fail to meet the deadline in Paragraph 1 and have not sought to modify this Agreement, Plaintiff's first remedy shall be a motion to enforce the terms of this Agreement, after following the dispute resolution procedures described above. This Agreement shall not, in the first instance, be enforceable through a proceeding for contempt of court.

4. Plaintiff reserves its right to request attorneys' fees and costs from Defendants. Defendants reserve their right to contest Plaintiff's entitlement to recover fees and the amount of any such fees and do not waive any objection or defenses they may have to Plaintiff's request. Plaintiff requests that it be given 90 days from this Court's approval of this Agreement to file a potential motion for costs and attorneys' fees pursuant to Federal Rule of Civil Procedure 54(d) so that it may seek to resolve this issue with Defendants without this Court's further involvement.

5. This Agreement requires only that Defendants take the action specified in Paragraph 1. No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants take action in contravention of the ESA, the Administrative Procedure Act ("APA"), or any other law or regulation, either substantive or procedural. Nothing in this Agreement shall be construed to limit or modify the discretion accorded to Defendants by the ESA, APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any determinations made pursuant to Paragraph 1 of the Agreement. To challenge any final

determination issued pursuant to Paragraph 1, Plaintiff must file a separate action. Defendants reserve the right to raise any applicable claims or defenses to such challenges.

6. No part of this Agreement shall have precedential value in any litigation or in representations before any court or forum or in any public setting. No party shall use this Agreement or the terms herein as evidence of what does or does not constitute a reasonable timeline for issuing a 12-month finding for any petitioned species.

7. Nothing in this Agreement shall be construed or offered as evidence in any proceeding as an admission or concession of any wrongdoing, liability, or any issue of fact or law concerning the claims settled under this Agreement or any similar claims brought in the future by any other party. Except as expressly provided in this Agreement, none of the parties waives or relinquishes any legal rights, claims, or defenses it may have. This Agreement is executed for the purpose of settling Plaintiff's complaint, and nothing herein shall be construed as precedent having preclusive effect in any other context.

8. Nothing in this Agreement shall be interpreted as, or shall constitute, a requirement that Defendants are obligated to pay any funds exceeding those available or take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable appropriations law.

9. The parties agree that this Agreement was negotiated in good faith and that it constitutes a settlement of claims that were disputed by the parties. By entering into this Agreement, none of the parties waive any legal rights, claims, or defenses except as expressly stated herein. This Agreement contains all of the terms of agreement between the parties concerning the complaint and is intended to be the final and sole agreement between the parties with respect thereto. The parties agree that any prior or contemporaneous representations or

understanding not explicitly contained in this written Agreement, whether written or oral, are of no further legal or equitable force or effect.

10. The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the terms and conditions of this Agreement and do hereby agree to the terms herein. Further, each party, by and through its undersigned representative, represents and warrants that it has the legal power and authority to enter into this Agreement and bind itself to the terms and conditions contained in this Agreement.

11. The terms of this Agreement shall become effective upon entry of an Order by the Court ratifying this Agreement.

12. Upon adoption of this Agreement by the Court, all counts of Plaintiff's complaint shall be dismissed with prejudice. Notwithstanding the dismissal of this action, however, the parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

Respectfully submitted May 27, 2021:

*/s/ Elise Pautler Bennett*
Elise Pautler Bennett
D.C. Bar No. FL0018
Center for Biological Diversity
P.O. Box 2155
St. Petersburg, FL 33731
Tel: (727) 755-6950
Fax: (520) 623-9797
ebennett@biologicaldiversity.org

Collette L. Adkins
MN Bar. No 035059X
(admitted pro hac vice)
Center for Biological Diversity
P.O. Box 595

JEAN E. WILLIAMS
Acting Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division
SETH M. BARSKY
Section Chief
MEREDITH L. FLAX
Assistant Section Chief
Wildlife & Marine Resources Section

*/s/ Kamela A. Caschette*
KAMELA A. CASCHETTE
Trial Attorney
Wildlife & Marine Resources Section
Ben Franklin Station

Circle Pines, MN 55014-0595  
Tel: (651) 955-3821  
cadkins@biologicaldiversity.org  

*Attorneys for Plaintiffs*

P.O. Box 7611  
Washington, DC 20044-7611  
Tel: (202) 305-0340  
Fax: (202) 305-0275  
Email: kamela.caschette@usdoj.gov  

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

      I hereby certify that on May 27, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to the attorneys of record.

                                        */s/ Kamela A. Caschette*
                                        KAMELA A. CASCHETTE
                                        Trial Attorney, New York Bar
                                        United States Department of Justice
                                        Environment & Natural Resources Division
                                        Wildlife & Marine Resources Section
                                        Ben Franklin Station
                                        P.O. Box 7611
                                        Washington, DC 20044-7611
                                        Tel: (202) 305-0340
                                        Fax: (202) 305-0275
                                        Email: kamela.caschette@usdoj.gov

                                        *Attorney for Defendants*